UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

In re
**MARIAN P. BURNS,**                                   Chapter 7
    Debtor                                         Case No. 88-10505-JNF

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MARIAN P. BURNS,**
    Plaintiff
v.                                                     Adv. P. No. 05-1284

**MASSACHUSETTS HIGHER EDUCATION
ASSISTANCE CORP. d/b/a/ AMERICAN
STUDENT ASSISTANCE,**
    Defendant

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

**MEMORANDUM**

**I. INTRODUCTION**

The matters before the Court are Cross-Motions for Summary Judgment. On March 26, 2005, the Debtor, Marian P. Burns (the "Debtor"), filed a "Complaint to Determine Dischargeability of an Educational Loan Pursuant to 11 U.S.C. Sec. 523(a)(8)." The Debtor amended her Complaint three days later. Through her Amended Complaint she seeks "to enjoin enforcement of educational loans in the principal amount of approximately $10,000 and which with interest are now in excess of $21,000 allegedly due to Massachusetts Higher Education Assistance Corp. d/b/a American Student Assistance (ASA) which debt was

1

listed as unsecured non-priority on the Debtor's bankruptcy [sic] which the Debtor maintains was then discharged on 07/08/88." Relying upon the provisions of 11 U.S.C. § 528(a)(8) in effect at the time she filed her petition, she asserts that the debt is dischargeable because her student loans had been due and payable for at least five years before she filed her bankruptcy petition.

On April 25, 2005, Educational Credit Management Corporation ("ECMC") moved to intervene and substitute itself as the defendant in the adversary proceeding. On the same day, it filed an Answer to the Debtor's Complaint. On May 23, 2005, the Court granted ECMC's "Motion to be Substituted as the Defendant in This Proceeding."

The Debtor filed her Motion for Summary Judgment together with exhibits on May 23, 2005. ECMC opposed the Motion and filed a Cross-Motion for Summary Judgment. The material facts necessary to resolve the cross-motions are not in dispute and the Motions are ripe for summary judgment. *See* Fed. R. Civ. P. 56(c) made applicable to this proceeding by Fed. R. Bankr. P. 7056.

The issue presented is whether the consolidation of the Debtor's student loans within five years preceding the filing of her bankruptcy petition resulted in a new, nondischargeable student loan. For the reasons set forth below, the Court determines that the Debtor's student loan obligations are not dischargeable.

## II. FACTS

The Debtor filed a voluntary Chapter 7 petition on March 29, 1988. At the time she filed her petition, she owed approximately $9,800 for five student loans.

2

The Debtor attached copies of the notes to her Motion for Summary Judgment. According to the Debtor, the first loan was issued on September 14, 1976 in the amount of $2,500; the second on August 1, 1977 in the same amount; the third on June 15, 1978 in an amount which is illegible on the exhibit attached to the Debtor's Motion for Summary Judgment; the fourth on September 15, 1978 in the amount of $688; and the fifth on February 4, 1981 in the amount of $1,250. The first three loans were originally due and payable on April 15, 1980; the fourth on March 15, 1980 and the last one on March 15, 1985.

On July 30, 1984, within four years of the date she filed her voluntary Chapter 7 petition, the Debtor executed a "Renewal Note," which she stated "consolidated all of the previously-mentioned five loans which then totaled a combined principal balance of $10,026.04 as to which the Debtor was to begin payments beginning on August 30, 1984."

ECMC did not dispute the facts alleged by the Debtor. It submitted an accounting of five loans obtained by the Debtor's loans totaling $8,750, a sum which represented the unpaid principal balance of five loans which were consolidated pursuant to the Renewal Note. The Court observes that there is a discrepancy between the five notes attached to the Debtor's Motion for Summary Judgment as exhibits A-E and the five notes shown on ECMC's chalk. Specifically, ECMC listed a loan in the sum of $1,812 dated December 26, 1975. The Debtor, however, attached a copy of a note dated June 15, 1978 in an illegible amount (exhibit C). All the other notes attached to the Debtor's Motion for Summary Judgment corresponded to those listed by ECMC.

3

III. DISCUSSION

Section 523(a)(8) of the Bankruptcy Code has been amended a number of times. As the court noted in United Student Aid Funds v. Flint (In re Flint), 238 B.R. 676 (E.D. Mich. 1999),

> Section 523(a)(8) was amended in 1990 to increase by two years, from five to seven years, the time period before which a student loan is nondischargeable. See 11 U.S.C. § 523(a)(8)(A); Pub.L. No. 101-647 (1990). Section 523(a)(8) was again amended in 1998 to eliminate the seven year rule in all cases filed after October 7, 1998. See 11 U.S.C. § 523(a)(8) (Supp.1999); Higher Education Amendments of 1998, Pub.L. No. 105-244, Title IX, § 971(a), 112 Stat. 1581, 1837 (1998). At present, the only exception to nondischargeability is undue hardship.

Id. at 679 (citation omitted). See also Nies v. Tift County Hospital (In re Nies), No. 03-1060, Slip op. at 10 (Bankr. D. Massachusetts September 20, 2005). Thus, at the time the Debtor filed her bankruptcy petition, then § 523(a)(8)(A) of the Bankruptcy Code excepted from discharge "an educational loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution of higher education, unless (A) such loan first became due before five years (exclusive of any applicable suspension of the repayment period) before the date of filing. . . ."

As the parties recognize, there is a split of authority as to whether the starting date of the five, and later seven year, period specified in former § 523(a)(8) began to run from the date the original loans were first due or the date payments under the new consolidation loan were scheduled to begin. See Hesselgrave v. Penn. Higher Educ. Assist. Agency (In re Hesselgrave), 177 B.R. 681, 683 (Bankr. D. Or. 1995). In Nies, this Court observed the

4

following:

> "[t]he majority of cases discussing § 523(a)(8) concern [sic] the time from which the seven years (or in earlier cases, five years) begins to run. Courts have roundly agreed that the act of consolidating student loans *creates a new loan which pays off the original loans* and begins the seven [or five] year clock anew."

Slip op. at 14 (quoting Flint, 238 B.R. at 678)(emphasis supplied). *See also* Hiatt v. Indiana Student Assist. Comm., 36 F.3d 21, 24 (7th Cir. 1994); U.S. v. McGrath, 143 B.R. 820(D. Md. 1992), *aff'd*, 8 F.3d 821 (4th Cir. 1993); Rudnicki v. Southern College of Optometry (In re Rudnicki), 228 B.R. 179, 181 (B.A.P. 6th Cir. 1999); ); Powers v. Southwest Student Servs. Corp. (In re Powers), 235 B.R. 894, 897 (Bankr. W.D. Mo.1999); Meeker v. Educational Credit Management Corp. (In re Meeker), 225 B.R. 910, 912 (Bankr. N.D. Ohio 1998); Cobb v. United Student Aid Funds, Inc. (In re Cobb), 196 B.R. 34 (Bankr. E.D. Va. 1996); In re Menendez, 151 B.R. 972 (Bankr. M.D. Fla. 1993); Saburah v. United States Dep't of Educ. (In re Saburah), 136 B.R. 246 (Bankr. C.D. Cal. 1992); Martin v. Great Lakes Higher Educ. Corp., 137 B.R. 770, 772 (Bankr. W.D. Mo. 1992).

The Debtor relies upon In re McKinney, 120 B.R. 416 (Bankr. N. D. Ohio 1990), a case in which the court held that a consolidated loan did not change the date the loan first became due so as to start a new five-year period of nondischargeability. The bankruptcy court's decision in McKinney, however, was reversed. *See* Penn. Higher Educ. Assist. Agency v. McKinney (In re McKinney), No. 1:90CV1946, 1992 WL 265992 (N.D. Ohio May 12, 1992).

In view of the overwhelming weight of a authority, this Court rejects the Debtor's

5

argument that the date of the original loans should control the outcome of this adversary proceeding.

## IV. CONCLUSION

In view of the foregoing, the Court shall enter an order granting ECMC's Motion for Summary Judgment and denying the Debtor's Motion for Summary Judgment. Thus, the debt evidenced by the Renewal Note is excepted from discharge. To the extent, the June 15, 1978 debt was excluded from the Renewal Note, the Court observes that it would not be excepted from discharge.

By the Court,

Joan N. Feeney
United States Bankruptcy Judge

Dated: October 4, 2005
cc: John F. White, Esq., Gregory M. Sullivan, Esq.